**In the Matter of the Application for the DISCIPLINE OF Terrence ARONSON, an Attorney at Law of the State of Minnesota.**

No. C4–84–1161.

Supreme Court of Minnesota.

July 20, 1984.

## ORDER

The above-entitled matter comes before this court upon the stipulation of the parties which provides as follows:

WHEREAS, respondent has concluded it is in his best interest to enter into this stipulation,

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the undersigned as follows:

1. Respondent understands he has certain rights related to having charges of unprofessional conduct against him heard by a Lawyers Professional Responsibility Board Panel prior to the filing of a petition for disciplinary action, as set forth in the Rules on Lawyers Professional Responsibility (RLPR). Pursuant to Rule 10(a), RLPR, the parties agree to dispense with panel proceedings under Rule 9, RLPR, and respondent agrees to the immediate filing of a petition for disciplinary action, hereinafter petition, in the Minnesota Supreme Court.

2. Respondent understands that upon the filing of this stipulation and the petition this matter will be of public record.

3. Respondent understands that he has certain rights pursuant to Rule 14, RLPR. He waives these rights, which include the right to a hearing before a referee on the petition; to have the referee make findings and conclusions and a recommended disposition; to contest such findings and conclusions; and to a hearing before the supreme court upon the record, briefs and arguments. Respondent hereby admits service of the petition for disciplinary action.

4. Respondent waives his right to answer and unconditionally admits the allegations of the Director's petition which may be summarized as follows:

   a. Respondent neglected a human rights case and misrepresented to the client that he had filed a complaint with the Department of Human Rights in violation of DR 1–102(A)(4), (5) and (6), Minnesota Code of Professional Responsibility (MCPR).

b. Respondent deposited a $1,200 retainer fee into his personal account, without first depositing it into his trust account and withdrawing the fee as earned, in violation of DR 1–102(A)(6) and DR 9–102(A)(2), MCPR.

c. Respondent failed to cooperate with the district ethics committee investigation of the Jessee B. Miller ethics complaint in violation of DR 1–102(A)(5) and (6), MCPR, and *In re Cartwright*, 282 N.W.2d 548 (Minn. 1979).

5. Respondent understands that based upon these admissions, this court may impose any of the sanctions set forth in Rule 15(a)(1)–(6), RLPR, including making any disposition as it deems appropriate. Respondent understands that by entering into this stipulation, the Director is not making any representations as to the sanction the court will impose.

6. The Director and respondent join in recommending that pursuant to Rule 15, RLPR, the appropriate discipline is two years supervised probation subject to the following terms and conditions:

a. Respondent shall abide by the MCPR or such other rules governing attorney conduct as the supreme court may promulgate. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which have or may come to the Director's attention. Either respondent's admission or a referee finding of further unprofessional conduct shall constitute conclusive evidence of a breach of this stipulation.

b. Respondent shall maintain total abstinence from alcohol and other mood-altering chemicals, except that respondent may use prescription drugs in accordance with the directions of a prescribing physician who is fully advised of respondent's chemical dependency before issuing the prescription.

c. Respondent shall regularly attend meetings of Alcoholics Anonymous or other out-patient chemical de-

pendency treatment acceptable to the Director.

d. Respondent shall, upon the Director's request, execute such authorizations as may be necessary for the Director to verify respondent's compliance with the terms of the stipulation, including his compliance with treatment provisions or recommendations.

e. Within two weeks of the date this stipulation is approved by the supreme court, respondent shall nominate an attorney acceptable to the Director who shall monitor respondent's compliance with the terms and conditions of probation. If respondent fails to nominate a supervisor acceptable to the Director, then the Director may, at his option, appoint any licensed Minnesota lawyer acceptable to him as supervisor. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such other more frequent intervals as may reasonably be requested by the Director.

f. Within sixty (60) days of the date this stipulation is approved by the supreme court, respondent shall reimburse Jesse B. Miller $1,200, with interest at the judgment rate from July, 1980, to the date of payment. Such sum represents restitution of Miller's $1,200 retainer to respondent for representation before the Minnesota Human Rights Department. *See* Director's petition for disciplinary action.

g. Within the two year probation period provided for by this stipulation, respondent shall reimburse the Director $500 in costs pursuant to Rule 24, RLPR.

7. Respondent states he successfully completed chemical dependency treatment in May of 1982, and asserts that he has been chemically free since that time, is an active member of the chemically free community, and has managed a full-time caseload since June 5, 1982, when respondent's employment first began after completion of treatment.

8. This stipulation is entered into by respondent freely and voluntarily, with-

out any coercion, duress or representations by any person except as contained herein.

9. Respondent has been advised of his right to be represented herein by an attorney but has freely chosen to appear *pro se.*

10. Respondent hereby acknowledges receipt of a copy of this stipulation and the petition.

Based upon the records, files and proceedings herein, and the stipulation of the parties,

IT IS HEREBY ORDERED:

Respondent Terrence Aronson is placed on supervised probation for a period of two years from the date of this order upon the following terms and conditions:

A. Respondent shall abide by the Minnesota Code of Professional Responsibility or such other rules governing attorney conduct as this court shall promulgate. Respondent shall cooperate with the Director of Lawyers Professional Responsibility's investigation of any allegations of unprofessional conduct which have or may come to the Director's attention. Either respondent's admission or a referee finding of further unprofessional conduct shall constitute conclusive evidence of a breach of this stipulation.

B. Respondent shall maintain total abstinence from alcohol and other mood-altering chemicals, except that respondent may use prescription drugs in accordance with the directions of a prescribing physician who is fully advised of respondent's chemical dependency before issuing the prescription.

C. Respondent shall regularly attend meetings of Alcoholics Anonymous or other out-patient chemical dependency treatment acceptable to the Director.

D. Respondent shall, upon the Director's request, execute such authorizations as may be necessary for the Director to verify respondent's compliance with the terms of the stipulation, including his compliance with treatment provisions or recommendations.

E. Within two weeks of the date of this order, respondent shall nominate an attorney acceptable to the Director who shall monitor respondent's compliance with the terms and conditions of probation. If respondent fails to nominate a supervisor acceptable to the Director, then the Director may, at his option, appoint any licensed Minnesota lawyer acceptable to him as supervisor. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such other more frequent intervals as may reasonably be requested by the Director.

F. Within sixty (60) days of the date of this order, respondent shall reimburse Jesse B. Miller $1,200, with interest at the judgment rate from July, 1980, to the date of payment. Such sum represents restitution of Miller's $1,200 retainer to respondent for representation before the Minnesota Human Rights Department.

G. Within the two year probation period provided for by this order, respondent shall reimburse the Director $500 in costs pursuant to Minn.R.Law.Prof.Resp. 24(a).